

Stradley Ronon Stevens & Young, LLP
100 Park Avenue
Suite 2000
New York, NY 10017
Telephone 212.812.4124
Fax 646.682.7180
www.stradley.com

**Jacqueline M. Aiello**
jaiello@stradley.com
212.812.4139

June 6, 2019

**Via CM/ECF**
Hon. William H. Pauley, III
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Manchanda v. Navient Student Loans*, 1:19-cv-5121-WHP

Dear Judge Pauley:

This firm represents Defendant, Navient Solutions, LLC ("NSL") (misidentified as "Navient Student Loans"). We submit this letter to request a pre-motion conference for NSL's Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6). An overview of the action and the basis for NSL's anticipated motion to dismiss are discussed below.

## Factual and Procedural History

Plaintiff filed this action in the Supreme Court of New York, New York County. (See Notice of Removal.) NSL removed the action based on diversity and federal question jurisdiction. (See Notice of Removal.) Plaintiff thereafter amended the Complaint on May 5, 2019, by filing an Amended Complaint, (the "Complaint"). The Complaint asserts many claims against NSL, who services student loans in Plaintiff's name. Plaintiff contends costs and fees were added to his account after he went into default and after he filed for bankruptcy. (See Comp. at ¶¶ 5-6.) Plaintiff also alleges NSL changed the monthly amount due on his loans after he consolidated them in 2018. (Id. at ¶ 7 and Ex. B.) He also contends NSL "retaliated" against him because he filed for bankruptcy in 2014. (Id. at ¶¶ 5-6.) The Complaint shows, however, that Plaintiff entered into a consolidation loan four years after his bankruptcy filing in 2018, and the funds from the 2018 consolidation loan paid off his prior loans. (See Comp. Ex. B.) Plaintiff thus entered into a new loan agreement in 2018, in which he agreed to the loan balance.

## Basis for Motion to Dismiss

The Court should dismiss the Complaint with prejudice under Fed. R. Civ. P. 12(b)(6)

**Philadelphia, PA • Harrisburg, PA • Malvern, PA • Cherry Hill, NJ • Wilmington, DE • Washington, DC • New York, NY • Chicago, IL**
A Pennsylvania Limited Liability Partnership

MERITAS LAW FIRMS WORLDWIDE

because it fails to state claims upon which relief could be granted. First, many claims are not civil causes of action under New York law, and fail for that reason alone: fraudulent business practices (Count Eight); unlawful business practices (Count Eight); civil harassment (Count Nine); civil extortion (Count Ten); breach of the duty of loyalty (Count Thirteen); illegally high collection costs (Count Fifteen); and debt slavery (Count Twenty). Plaintiff also pleads mail and wire fraud claims (Counts Sixteen and Nineteen respectively), presumably under 18 U.S.C. §§1341 and 1343. These statutes do not afford a plaintiff a private right of action. *See* 18 U.S.C. §§ 1341, 1343.

Plaintiff's remaining causes of action also fail to state claims upon which relief could be granted. Plaintiff's claims for fraudulent inducement (Count One), deceptive business practices (Count Eight), and fraudulent misrepresentation (Count Seventeen) are based on no more than Plaintiff's contention that his account balance and monthly payments are incorrect. These allegations do not state claims for fraud and Plaintiff fails to plead them with the particularity mandated by Fed. R. Civ. 9(b). To plead fraud with particularity, "a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989). Here, there are no allegations that NSL made any false or misleading statements—Plaintiff just does not think that his monthly payment amount, and the fees and costs on the account, are accurate. This is not a situation in which Plaintiff relied on a misrepresentation to his detriment. The facts were disclosed, but Plaintiff does not agree.

Plaintiff's claims for deceptive business practices (Count Eight) and false advertisement (Count Two) also fail law. The claims are similar and require allegations of: (1) consumer-oriented conduct that is (2) materially misleading; and that (3) caused injury to the plaintiff. *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. 2012); *Denenberg v. Rosen*, 71 A.D.3d 187, 194 (N.Y. 1st Dept. 2010). Plaintiff identifies no misleading behavior. Instead, the Complaint establishes that Plaintiff entered into a new consolidated loan in 2018, with a new balance and payment amount, to which he agreed by signing the consolidation agreement. Plaintiff also fails to plead that NSL's actions were consumer-oriented by affecting other consumers similarly situated or aimed at the general public. *See 84 Lbr. Co., L.P. v. Barringer*, 110 A.D.3d 1224, 1227 (N.Y. 3d Dep't 2013). Instead, Plaintiff solely focuses on NSL's actions as it relates to his own loans.

Plaintiff's claims for intentional infliction of emotional distress (Count Three) and negligent infliction of emotional distress (Count Three) also fail. An intentional infliction of emotion distress claim has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (N.Y. 1993); *see Klein v. Metropolitan Child Servs., Inc.*, 100 A.D.3d 708, 710, (N.Y. 2d. Dep't. 2012). For negligent infliction of emotional distress, "[a] breach of the duty of care resulting directly in emotional harm is compensable even though no

physical injury occurred when the mental injury is a direct, rather than a consequential, result of the breach and when the claim possesses some guarantee of genuineness." *Ornstein v. New York City Health & Hosps. Corp.*, 10 N.Y.3d 1, 6 (N.Y. 2008); *see Baumann v. Hanover Community Bank*, 100 A.D.3d 814, 816 (N.Y. 2d. Dep't. 2012). Here, Plaintiff fails to plead extreme or outrageous behavior that caused him severe emotional distress, mental trauma or bodily harm. At best, he claims financial harm based on fees and costs and a higher monthly payment on his account.

Plaintiff's breach of contract claim fails because he does not identify any contract or term which NSL purportedly breached. Plaintiff also fails to plead his own compliance with the subject contract, a prerequisite to a claim under New York law. *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996) (noting that adequate performance of the contract by plaintiff is required for a breach of contract claim). Plaintiff's bankruptcy stay claim fails because he does not identify any actions NSL took to collect on the loans while he was in bankruptcy.[1] In fact, the docket from Plaintiff's bankruptcy docket shows that he never challenged the debt he owed on his student loans, never sought their discharge, and never challenged any collection activity during the bankruptcy. Plaintiff's bankruptcy discharge claim fails because he fails to plead that he ever received a discharge of these non-dischargeable student loans. *See* 11 U.S.C. § 523(a)(8). Moreover, the current consolidation loan NSL services for Plaintiff originated approximately four years ***after*** Plaintiff's bankruptcy. By entering into the 2018 consolidated loan, Plaintiff agreed to the account balance and the remaining terms of the promissory note. Plaintiff cannot plausibly sustain a discharge claim under these circumstances.

The Court should dismiss Plaintiff's unjust enrichment claim because he fails to plead that NSL received more than what it was entitled to from him. To the contrary, there still remains an outstanding balance owed (*see* Comp. at Ex. B) and Plaintiff fails to plead that he made payments over and above his obligations unjustly enriching NSL. Plaintiff's conversion claim fails for the same reason–Plaintiff cannot plead that NSL interfered with his property "in derogation of plaintiff's rights," because Plaintiff cannot plead that he paid more to NSL than what was owed. *Colavito v. New York Organ Donor Network, Inc.*, 8 N.Y.3d 43, 50 (N.Y. 2006). The Court should dismiss Plaintiff's breach of fiduciary duty claim because NSL does not owe him such a duty. *See Hoover v. HSBC Mortg. Corp. (USA)*, 9 F. Supp. 3d 223 (N.D.N.Y. 2014) ("there is no fiduciary duty between creditors and debtors.") The Court should dismiss Plaintiff's usury claims because he fails to plead that the interest rate on the loan exceeded 16%. *See* Gen. Oblig. Law §5-501(1); *see also* Penal Law § 190.40. Plaintiff fails to state a claim for slander and libel because he identifies no false statements, let alone that NSL made them to third parties. *See Dillon v. City of New York*, 261 A.D.2d 34, 38, 704 N.Y.S.2d 1 (N.Y. 1st Dep't. 1999).

The Court should also dismiss Plaintiff's claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") because NSL is not a debt collector within the

---

[1] While beyond the pleadings, NSL was not servicing Plaintiff's student loan while Plaintiff was in bankruptcy.

meaning of the FDCPA and Plaintiff fails to plead what collection activity NSL engaged in that violated the FDCPA. The FDCPA specifically excludes from the definition of "debt collector" a creditor collecting on its own debt. *See* 15 U.S.C. §§ 1692a(4) and 1692a(6)(F). Based on these provisions, the Second Circuit has recognized that the FDCPA does not apply to creditors seeking to collect their own debts. *See Maguire v. Citicorp Retail Serv., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998); *see also and Levy-Tatum v. Navient and Sallie Mae Bank*, 2016 WL 75231, at *7 (E.D.Pa. January 7, 2016) (dismissing the plaintiff's complaint which failed to include any factual assertions to establish that NSL is a debt collector within the meaning of the FDCPA). Here, Plaintiff acknowledges that he owes the student loan debt to NSL, and thus NSL is not a debt collector within the meaning of the FDCPA. Further, nowhere in the Complaint does Plaintiff plead what collections activity on the part of NSL violated the FDCPA.

## Conclusion

For all these reasons, the Court should dismiss the Complaint with prejudice. NSL respectfully request that the Court set this matter for a pre-motion conference to address these issues.

Respectfully,

/s/ Jacqueline Aiello
Jacqueline Aiello