**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| RAHUL MANCHANDA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.  19-cv-5121-WHP |
| | : | |
| NAVIENT STUDENT LOANS AND | : | |
| EDUCATIONAL CREDIT MANAGEMENT | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANT NAVIENT SOLUTIONS, LLC
TO DISMISS PLAINTIFF'S THIRD AMENDED
<u>COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY .......................................2

III. ARGUMENT ......................................................................................................4

    A. Legal Standard for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ...............4

    B. The Complaint Fails to Differentiate Between Each Defendant. ...........................5

    C. The Court Should Dismiss Plaintiff's Causes of Action Resounding in Fraud (Claims One through Three)...........................................................................6

    D. The Court Should Dismiss Claims Two and Four Because Plaintiff Pleads No Misleading Conduct by NSL................................................................................8

    E. The Court Should Dismiss Claim Five Because Plaintiff Does Not Identify Any Contract That NSL Allegedly Breached. ........................................................9

    F. Plaintiff's Civil Usury Claim (Claim Six) Fails Because the Interest Rate Was Not Usurious. ...................................................................................................10

    G. The Court Should Dismiss Claim Seven Because NSL is not a Debt Collector as Defined by the FDCPA....................................................................11

    H. Claim Eight Fails as a Matter of Law Because the Consumer Financial Protection Act Does not Provide for a Private Right of Action............................13

    I. NSL Is Not Vicariously Liable for Any of ECMC's Alleged Actions. ................14

    J. The Court Should Not Allow Plaintiff to File a Fourth Amended Complaint Because It Would Be Futile. ..............................................................14

IV. CONCLUSION..................................................................................................15

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009).................................................................................4

*Atuahene v. City of Hartford,*
10 Fed.Appx. 33 (2d Cir. 2001)...............................................................5

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007).................................................................................4

*Berman v. Sugo LLC,*
580 F. Supp. 2d 191 (S.D.N.Y. 2008).....................................................10

*Caione v. Navient Corp.,*
No. 16-cv-806, 2016 WL 4432687 (D.N.J. Aug. 18, 2016).....................12

*Cirkot v. Diversified Fin. Sys., Inc.,*
839 F. Supp. 941 (D. Conn. 1993)...........................................................12

*Conley v. Gibson,*
355 U.S. 41 (1957)...................................................................................4

*Cortec Industries, Inc. v. Sum Holding L.P.,*
949 F.2d 42 (2d Cir. 1991).......................................................................3

*Cosmas v. Hassett,*
886 F.2d 8 (2d Cir. 1989).........................................................................6

*Dougherty v. North Hempstead Bd. of Zoning Appeals,*
282 F.3d 83 (2d Cir. 2002).......................................................................15

*Downridge v. Navient,*
No. 16-cv-10327, 2016 WL 1594427 (E.D. Mich. Apr. 21, 2016) .........12

*Elias v. City of New York,*
No. 10–CV–5495, 2010 WL 5475809 (E.D.N.Y. Dec. 30, 2010)............5

*Farber v. NP Funding II L.P.,*
No. 96–cv–4322, 1997 WL 913335 (E.D.N.Y. Dec. 9, 1997) .................12

*Freitas v. Geddes Sav. & Loan Ass'n.,*
63 N.Y.2d 254 (N.Y. 1984) ......................................................................10

*Gaidon v. Guardian Life Ins. Co. of Am.*,
   94 N.Y.2d 330 (N.Y. 1999) ...................................................................................8

*Harsco Corp. v. Segui*,
   91 F.3d 337 (2d Cir. 1996)...................................................................................9

*Hart v. Allstate Ins. Co.*,
   201 A.D.2d 621, 608 N.Y.S.2d 241 (N.Y. 2d. Dep't. 1994) ...................................8

*Haysbert v. Navient Sols., Inc.*,
   No. 15-4144 PSG, 2016 WL 890297 (C.D. Cal. Mar. 8, 2016) ............................12

*Levy-Tatum v. Navient & Sallie Mae Bank*,
   No. 15-cv-3794, 2016 WL 75231 (E.D. Pa. Jan. 7, 2016)....................................12

*Lucente v. International Business Machines Corp.*,
   310 F.3d 243 (2d Cir. 2002)................................................................................14

*Maguire v. Citicorp Retail Serv., Inc.*,
   147 F.3d 232 (2d Cir. 1998)................................................................................12

*Medina v. Bauer*,
   No. 02–CV–8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) .............................5

*Meyer v. Holley*,
   537 U.S. 280 (2003)...........................................................................................14

*Miles v. Houghtaling*,
   32 A.D.2d 714, 300 N.Y.S.2d 5 (1969) .........................................................7, 8, 11

*Neitzke v. Williams*,
   490 U.S. 319 (1989).............................................................................................5

*Nguyen v. Ridgewood Sav. Bank*,
   2015 WL 2354308 (E.D.N.Y. May 15, 2015) ......................................................13

*North State Autobahn, Inc. v. Progressive Ins. Group Co.*,
   102 A.D.3d 5 (N.Y. 2d. Dep't. 2012) ....................................................................8

*O'Donovan v. Galinski*,
   62 A.D.3d 769 (N.Y. 2d. Dep't. 2009) .................................................................10

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
   No. 12–CV–2837, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012)............................5

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
   85 N.Y.2d 20 (N.Y. 1995) ..................................................................................8, 9

iii

*Pacheco v. Joseph McMahon Corp.*,
    698 F. Supp. 2d 291 (D. Conn. 2010) .................................................................12

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir. 1998) ..................................................................................3

*Papasan v. Allain*,
    478 U.S. 265 (1986) .............................................................................................4

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007) ................................................................................3

*Small v. Lorillard Tobacco Co.*,
    94 N.Y.2d 43 (N.Y. 1999) ...................................................................................9

*Southerland v. N.Y.C. Housing Auth.*,
    No. 10–CV–5243, 2010 WL 4916935 (E.D.N.Y. Nov. 23, 2010) ........................5

*Spyer v. Navient*,
    No. 15-cv-3814, 2016 WL 1046789 (D.N.J. Mar. 15, 2016) ..............................12

*Stutman v. Chemical Bank*,
    95 N.Y.2d 24 (N.Y. 2000) ..............................................................................8, 9

*Swierkiewicz v. Sorema N. A.*,
    534 U.S. 506 (2002) .............................................................................................5

*Town & Country Linoleum & Carpet Co. v. Welch*,
    56 A.D.2d 708 (4th Dep't 1977) .....................................................................7, 10

*Transamerica Leasing, Inc. v. Republica de Venezuela*,
    200 F.3d 843 (D.C. Cir. 2000) ...........................................................................14

*Ujueta v. Euro–Quest Corp.*,
    29 A.D.3d 895 (N.Y. 2d Dep't 2006) .................................................................11

*United Cos. Lending v. Candela*,
    292 A.D.2d 800 (N.Y. 4th Dep't. 2002) .............................................................12

*Wadlington v. Credit Acceptance*,
    76 F.3d 103 (6th Cir. 1996) ...............................................................................13

*Wolff v. Rare Medium, Inc.*,
    171 F. Supp. 2d 354 (S.D.N.Y. 2001) ..................................................................9

**Statutes**

15 U.S.C. §§ 1692a(4) and 1692a(6)(F) ...................................................................12

4312980

15 U.S.C. § 1692a(6) .................................................................................................11

CFPA .........................................................................................................................13

Consumer Financial Protection Act .........................................................................13

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ..................................2

FDCPA.........................................................................................................2, 11, 12, 13

Gen. Oblig. Law §5-501(1).....................................................................................2, 11

General Business Law Section 350.............................................................................9

New York General Obligations Law 5-501(1) .........................................................11

New York's General Business Law Sections 349 and 350..........................................8

Penal Law § 190.40...............................................................................................2, 11

Plaintiff's Claim Eight under the Consumer Financial Protection Act........................2

Protection Act ...........................................................................................................13

**Other Authorities**

*5 C. Wright & A. Miller,* Federal Practice and Procedure § 1216 (3d ed. 2004)............................4

Fed. R. Civ. P. 12(b)(6).........................................................................................4, 15

Fed. R. Civ. 9(b) ......................................................................................................1, 6

Federal Rule of Civil Procedure 8(a)(2) .....................................................................4

Federal Rule of Civil Procedure Rule 12(b)(6)...........................................................1

Notice of Removal, Dckt No. 1 ...................................................................................2

4312980

Defendant Navient Solutions, LLC ("NSL") (misidentified in the Complaint as "Navient Student Loans") submits this Memorandum of Law in support of its Motion to Dismiss the claims asserted against it in the Third Amended Complaint under Federal Rule of Civil Procedure Rule 12(b)(6).

## I.    <u>INTRODUCTION</u>

Plaintiff has now filed a Third Amended Complaint, but like his prior efforts, he still fails to state claims against NSL upon which relief could be granted. Plaintiff's claims arise out of his default under his student loan account. Plaintiff claims that he has somehow been damaged based on collection costs and fees added to his account by another defendant, Educational Credit Management Corporation ("ECMC"), after he went into default. Plaintiff also contends NSL improperly changed the monthly payments of his student loan. But NSL serviced a completely different loan with new terms after Plaintiff consolidated his prior loans in 2018. As a result, Plaintiff's contention that NSL "changed the terms" of his loan is meritless—Plaintiff obtained a new consolidation loan. Lastly, Plaintiff also contends NSL incorrectly reported the amount due on his loan, but this contention is belied by the very documents annexed to Plaintiff's original Complaint.

For these reasons, none of Plaintiff's eight causes of action against NSL have merit and the Court should dismiss them all with prejudice. Plaintiff's claims for fraudulent inducement (Claim One), deceptive business practices (Claim Two), and fraudulent misrepresentation (Claim Three) fail because Plaintiff can plead no misleading or false statements by NSL. Plaintiff also fails to plead these claims with the particularity mandated by Fed. R. Civ. 9(b). Plaintiff's claims for deceptive business practices (Claim Two) and false advertisement (Claim Four) fail because he identifies no misleading behavior or false advertisements by NSL. His breach of contract

claim (Claim Five) fares no better because he cannot identify any contract that NSL purportedly breached.

The Court should dismiss Plaintiff's usury claim (Claim Six) with prejudice for several reasons. First, Plaintiff fails to plead that the interest rate on any loan exceeded 16%. Second, to the extent that he relies on "collections costs" charged by ECMC, such costs are not part of a usury calculation. *See* Gen. Oblig. Law §5-501(1); *see also* Penal Law § 190.40. Moreover, these "collections costs" (if they existed) were charged by a different servicer on a different loan—not by NSL on the only loan it services, the 2018 consolidation loan.

The Court should also dismiss Plaintiff's claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") (Claim Seven) because NSL is not a debt collector under the FDCPA with respect to Plaintiff's loan. Finally, the Court should dismiss with prejudice Plaintiff's Claim Eight under the Consumer Financial Protection Act ("CFPA") because there is no private right of action under the act.

In short, because it is now abundantly clear that Plaintiff cannot state any viable claims against NSL despite multiple amended Complaints, the Court should dismiss all claims against NSL with prejudice.

## II.  <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff commenced this action by filing a Summons and Complaint in the Supreme Court of New York, New York County. (*See* Def.'s Notice of Removal, Dckt No. 1.) NSL removed the action to this Court on May 31, 2019, based on diversity and federal question jurisdiction. Following removal, Plaintiff filed his First Amended Complaint adding ECMC as a party. (*See* Dckt. No. 7).

In response to the First Amended Complaint, NSL filed letter requesting permission to file a Motion to Dismiss. (*See* Dckt. No. 7). Plaintiff then cross moved to file a Second Amended

Complaint. (*See* Dckt. No. 21). At the pre-motion conference, the Court instructed Plaintiff to remove most of the causes of action asserted in the Second Amended Complaint, as well as the bald, conclusory statements of law. The Court also advised Plaintiff to remove the allegations related to the alleged Consumer Finance Protection Bureau suit against NSL because the suit was not relevant here. The Court then provided Plaintiff one final opportunity to amend the Complaint to attempt to state viable claims.

Yet Plaintiff's Third Amended Complaint ("Complaint") fares no better than his prior Complaints. Plaintiff alleges that ECMC improperly added collection costs and fees to his student loan account after he went into default and the terms of his repayment changed. (Comp. at ¶¶ 4-5.) Plaintiff also alleges that ECMC steered him into forbearance on his loans, **before** NSL's involvement. (*Id.* at ¶¶ 8-9). As to NSL, Plaintiff contends it improperly reported his loans as having a balance of $309,000 when it was really $160,000. (Comp. at ¶ 6; *see also* Ex. B to original Complaint.) These allegations are belied by the documents annexed to Plaintiff's original Complaint (attached as **Exhibit A**) and the promissory note governing the parties' transaction (attached as **Exhibit B.**)[1] These documents show that Plaintiff agreed to a new consolidation loan in 2018 (the "2018 Consolidation Loan"). The 2018 Consolidation Loan, serviced by NSL, consolidated and paid off the balance of his two prior ECMC loans totaling approximately $160,000. In fact, the documents annexed to Plaintiff's original Complaint evidences this payoff and establishes that NSL did not improperly report an outstanding balance of $309,000.00. (*See* Exhibit A.) Rather, Plaintiff's prior loans in the total amount of

---

[1] Plaintiff's Complaint refers to his student loan account, and therefore, NSL attaches redacted copies of the applicable consolidation loan agreement. The Court may consider these documents in ruling on this motion to dismiss because they are referred to in the Complaint and are integral to the claims. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. *See, e.g., Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). In addition, even if not attached or incorporated by reference, a document "upon which [the complaint] solely relies and which is integral to the complaint" may be considered by the court in ruling on such a motion. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

$154,879.78 were paid off by the 2018 Consolidation Loan. (*Id.*) Put another way, Plaintiff obtained a new student loan in 2018 serviced by NSL, in which he agreed to the very loan balance to which he now objects. Plaintiff is thus unable to allege that NSL engaged in any wrongdoing with the account balance or monthly payments because he agreed to the new terms by taking out the 2018 Consolidation Loan.

III.  **ARGUMENT**

A.  **Legal Standard for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The court will affirm a Rule 12(b)(6) dismissal "only if the plaintiff fails to provide factual allegations sufficient to raise a right to relief above the speculative level." *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.

Federal Rule of Civil Procedure 8(a)(2) requires a "statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level. *See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain

something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g.*, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B.      The Complaint Fails to Differentiate Between Each Defendant.**

The Complaint is fatally defective because the allegations do not differentiate between the Defendants, instead referring to conduct by "defendants" or "ECMC and Navient" in the aggregate. When a complaint names many defendants, it must provide a plausible factual basis to distinguish between the conduct of each of the defendants or it is subject to dismissal. *Atuahene v. City of Hartford,* 10 Fed.Appx. 33, 34 (2d Cir. 2001) (finding that a complaint "alleging a host of constitutional and state common law claims" "failed to differentiate among the defendants, alleging instead violations by 'the defendants,' " and then later "still fail[ed] to identify which defendants were alleged to be responsible for which alleged violations" when the plaintiff "replaced the allegations against 'the defendants' with the names of all of the defendants"); *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.,* No. 12–CV–2837, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012); *Elias v. City of New York,* No. 10–CV–5495, 2010 WL 5475809, at *3 (E.D.N.Y. Dec. 30, 2010) (dismissing complaint that "attribute[d] discrimination, retaliation, and disparate treatment generally to 'Defendants,' without distinguishing their individualized conduct" (internal citation omitted)); *Southerland v. N.Y.C. Housing Auth.,* No. 10–CV–5243, 2010 WL 4916935, at *3 (E.D.N.Y. Nov. 23, 2010) (dismissing complaint alleging constitutional-rights violations where the complaint failed "[to] allege facts against *any* individual defendant" (emphasis added)); *Medina v. Bauer,* No. 02–CV–8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004).

The same result should follow here. Plaintiff fails to differentiate between the conduct of either defendant, nor does he articulate any basis for a claim against any specific defendant. The Court should dismiss the Complaint on this basis alone.

### C. The Court Should Dismiss Plaintiff's Causes of Action Resounding in Fraud (Claims One through Three).

The Court should dismiss Plaintiff's claims for fraudulent inducement (Claim One), deceptive business practices (Claim Two), and fraudulent misrepresentation (Claim Three) because these allegations do not state viable claims on their merits, nor does Plaintiff plead these claims with the particularity mandated by Fed. R. Civ. 9(b).

Rule 9(b) requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." To plead fraud with particularity, "a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989).

Here, the factual history section giving rise to Claims One, Two and Three falls well short of the satisfying Rule 9(b). Plaintiff fails to identify what specific fraudulent statements or false advertisement NSL made, who at NSL made them, when they were made, or how Plaintiff relied on these statements to his detriment. To the extent that Plaintiff just does not think that his monthly payment amount, and the fees and costs on the account, are accurate, that is not fraud, misrepresentation, or deception. The facts were disclosed, but Plaintiff does not agree. (*See* Exhibit B.)

Moreover, the notion that NSL inflated Plaintiff's loan balance is belied by his agreement to the 2018 Consolidation Loan. The 2018 Consolidation Loan consolidated some of Plaintiff's prior student loans by paying off prior loans and consolidating the balances into one new loan. In

agreeing to the 2018 Consolidation Loan, Plaintiff acknowledged he had a current outstanding balance of $160,000. (*See* Ex. B.)

The allegations in Claims One through Three also involve allegations which occurred **before** the 2018 Consolidation and before NSL's involvement. The alleged fraudulent statements relating to the loan balance and forbearance stem from a time when ECMC serviced the loans. The allegations in Paragraphs 27, 36 and 48 involve claims for the allegedly improper collection fees added to the account and statements related to ECMC's role as servicer. These allegations concern events long before the 2018 Consolidation Loan—and therefore well before NSL serviced Plaintiff's student loan account.

Plaintiff has also pleaded no viable basis to hold NSL responsible for conduct by prior servicers for different loans. Indeed, the 2018 Consolidation Loan was a novation that extinguished Plaintiff's rights to challenge the balance or validity of the prior loans as to NSL. In order to establish that a new contract is a novation, one must prove a (1) previous contractual obligation, (2) agreement of all parties to a new obligation, (3) extinguishment of the old contract, and (4) a valid new contract. *See Town & Country Linoleum & Carpet Co. v. Welch*, 56 A.D.2d 708 (4th Dep't 1977); *see also Schuster v. Dragone Classic Motor Cars, Inc.*, 98 F.Supp.2d 441, 446 (S.D.N.Y. 2000) (finding a novation where "Defendants have alleged that . . . the parties agreed that the prior bridge loan agreement was extinguished, defendants would cancel [the] promissory note . . .in consideration for [] payment.") A novation extinguishes any obligations arising from the original agreement. *See Miles v. Houghtaling*, 32 A.D.2d 714, 715, 300 N.Y.S.2d 5 (1969). A party attempting to sue for breach of the original agreement is precluded from enforcing the terms of the original agreement if there has been a novation. *Id.*

Each of the elements for novation are met here. Plaintiff acknowledges he had prior student loans serviced by ECMC which were consolidated by the 2018 Consolidation Loan. (*See*

Ex. A.) Plaintiff signed the 2018 Promissory Note and agreed to its terms. (*See* Exhibit B.) The funds from the 2018 Consolidation Loan paid off the balances of the old student loans, thus extinguishing those prior loans. (*See* Exhibit A.) Lastly, the 2018 Promissory Note is a valid new agreement, signed by Plaintiff, which he does not dispute. (*See* Exhibit B.) Therefore, because the prior student loans were extinguished by the 2018 Consolidation Loan, Plaintiff can no longer assert any claims based on them against NSL, who did not even service the prior loans. *See Miles*, 32 A.D.2d at 715.

In short, Plaintiff cannot make any claim against NSL for fraud because NSL did not serve any of Plaintiff's loans until the 2018 Consolidation Loan, and Plaintiff makes no independent allegations of fraud after this 2018 Consolidation Loan.

### D. The Court Should Dismiss Claims Two and Four Because Plaintiff Pleads No Misleading Conduct by NSL.

Plaintiff's claims for deceptive business practices (Claim Two) and false advertisement (Claim Four) also fail because Plaintiff pleads no misleading acts by NSL.

To assert a claim under New York's General Business Law Sections 349 and 350, a plaintiff must plead (1) consumer-oriented conduct that is (2) materially misleading, and which (3) caused injury to the plaintiff. *See Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (N.Y. 2000); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 24-25 (N.Y. 1995); *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344 (N.Y. 1999). The plaintiff must show that the alleged behavior has a broader impact on consumers at large. *See Stutman*, 95 N.Y.2d at 29; *Oswsego*, 85 N.Y.2d at 25. The lack of such allegations requires the dismissal of a deceptive business practices claim. *Hart v. Allstate Ins. Co.*, 201 A.D.2d 621, 622, 608 N.Y.S.2d 241, 242 (N.Y. 2d. Dep't. 1994). "Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute (citation omitted)." *Id.*; *see also North State Autobahn, Inc. v. Progressive Ins. Group Co.*, 102 A.D.3d 5, 12 (N.Y. 2d. Dep't. 2012).

Plaintiff identifies no misleading acts by NSL. He certainly does not identify any acts by NSL having a broader impact on consumers at large, which alone is fatal to his claims. *See Stutman*, 95 N.Y.2d at 29; *Oswsego*, 85 N.Y.2d at 25. Instead, Plaintiff suggests only that NSL "swoop[ed] in" after ECMC allegedly made misleading statements to him. But NSL only services the 2018 Consolidation Loan, in which Plaintiff agreed to repay the very balance which he now challenges. Plaintiff cannot state a claim for deceptive business practices or false advertisement against NSL under these circumstances.

Plaintiff also identifies no false advertising by NSL. To state a claim under Section 350 for false advertisement, the plaintiff must be "an individual consumer who falls victim to misrepresentations made by a seller of consumer goods through false or misleading advertising." *Small v. Lorillard Tobacco Co.,* 94 N.Y.2d 43, 55 (N.Y. 1999). Plaintiff fails to allege that NSL made any advertising—let alone that it was false or misleading. Plaintiff claims only that ECMC misrepresented that it was a student loan agency and then added 50% collection costs to his student loan balance. (*See* Comp. ¶ 53.) Plaintiff then claims NSL purchased the debt from ECMC. This allegation is false because, in fact, Plaintiff entered the new 2018 Consolidation Loan. (*Id*.) Plaintiff therefore fails to state a claim under Section 350 of the General Business Law, and the Court should dismiss it with prejudice as to NSL.

### E. The Court Should Dismiss Claim Five Because Plaintiff Does Not Identify Any Contract That NSL Allegedly Breached.

The Court should dismiss Plaintiff's breach of contract claim (Claim Five) because Plaintiff identifies no contract, let alone contract term, which NSL allegedly breached. To state a claim for breach of contract, Plaintiff must allege: "(1) the existence of an agreement, (2) adequate performance of the contract by plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). "A plaintiff must identify what provisions of the contract were breached as a result of the acts at issue." *Wolff v. Rare*

*Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) (dismissing breach of contract claim because plaintiffs failed to identify the contractual provisions that defendant breached). Moreover, "[s]tating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008).

While not entirely clear, it appears Plaintiff claims the "defendants" breached a contract by adding collection costs after Plaintiff defaulted on the student loans and changed the monthly payment after Plaintiff consolidated his student loan balance. Yet once again, the only agreement between Plaintiff and NSL is the 2018 Consolidation Loan. (*See* Exhibit B.) The Complaint lacks any allegations that NSL breached any specific contractual term of the promissory note for the 2018 Consolidation Loan. In fact, that document refutes Plaintiff's claims because it identifies the outstanding student loan balance to be consolidated—to which Plaintiff agreed. (*See* Exhibit B.) Any alleged changes in the loan balance or interest rates by ECMC (or anyone else) before the 2018 Consolidation Loan simply has nothing to do with NSL. Moreover, as explained above, Plaintiff is estopped from making any challenges to his loans before the 2018 Consolidation Loan as to NSL because the 2018 Consolidation Loan was a novation of his prior student loans. *See Welch*, 56 A.D.2d 708. For these reasons, Plaintiff does not and cannot state a viable breach of contract claim against NSL, and the Court should dismiss Claim Five with prejudice.

**F.  Plaintiff's Civil Usury Claim (Claim Six) Fails Because the Interest Rate Was Not Usurious.**

Plaintiff fails to plead that NSL charged an interest rate that exceeded the New York usury rate of 16%. Claim Six therefore fails as a matter of law.

A borrower bears the burden of proving each element of usury by clear and convincing evidence, and usury "will not be presumed." *Freitas v. Geddes Sav. & Loan Ass'n.*, 63 N.Y.2d 254, 261 (N.Y. 1984). "In determining whether a transaction is usurious, the law looks not to its form, but its substance, or real character." *O'Donovan v. Galinski*, 62 A.D.3d 769, 769 (N.Y. 2d.

Dep't. 2009); *see Ujueta v. Euro–Quest Corp.*, 29 A.D.3d 895, 895 (N.Y. 2d. Dep't 2006). Under New York General Obligations Law 5-501(1), an interest rate is civilly usurious if it exceeds 16%. *See* Gen. Oblig. Law §5-501(1). The New York Penal Code defines criminal usury as any interest rate exceeding 25%. *See* Penal Law § 190.40.

Plaintiff does not even identify the interest rate on any of his loans, and thus cannot state a claim for usury against NSL. Rather, Plaintiff is trying to argue that ECMC's alleged addition of "collection costs" essentially was usurious. Even so, collection costs are not included as part of a usury calculation. *See Marine Midland Bank, N.A. v. Sanford*, 139 A.D.2d 881, 527 N.Y.S.2d 323 (3d Dep't 1988) (holding that costs of collection fees and reasonable attorney's fees does not make a contract usurious since the provision is not for interest but indemnity for expenses incurred by the creditor for collection of its claim.

Finally, there is no allegation that NSL (as opposed to prior servicers) charged Plaintiff interest more than 16%. Additionally, the 2018 Consolidation Loan was a novation and Plaintiff cannot assert claims against NSL for any alleged usury (which is denied) for any prior loans. *See Miles*, 32 A.D.2d at 715.Plaintiff's Claim Six thus fails as a matter of law as to NSL, and the Court should dismiss it with prejudice.

### G. The Court Should Dismiss Claim Seven Because NSL is not a Debt Collector as Defined by the FDCPA.

The Court should dismiss Claim Seven with prejudice because the FDCPA does not apply to NSL. The FDCPA applies only to "debt collectors," meaning those who engage in the collection of debts on behalf of others (i.e., third-party debt collectors). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The FDCPA specifically excludes from the definition of "debt collector" a creditor collecting on its own debt. *See* 15 U.S.C. §§ 1692a(4) and 1692a(6)(F). Under §1692(6)(F), the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person ...."

Based on these provisions, the Second Circuit has recognized that the FDCPA does not apply to creditors seeking to collect their own debts. *See Maguire v. Citicorp Retail Serv., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (finding that the FDCPA does not apply to entities seeking to collect debts owing to them); *see also Pacheco v. Joseph McMahon Corp.,* 698 F. Supp. 2d 291, 295 (D. Conn. 2010) (reaching a similar holding); *Farber v. NP Funding II L.P.*, No. 96–cv–4322, 1997 WL 913335, *3 (E.D.N.Y. Dec. 9, 1997) (same); *Cirkot v. Diversified Fin. Sys., Inc.*, 839 F. Supp. 941, 944–45 (D. Conn. 1993) (same). Numerous courts also have rejected the argument that student loan servicers, including NSL, are debt collectors under the FDCPA under similar circumstances. *See United Cos. Lending v. Candela*, 292 A.D.2d 800, 801–802 (N.Y. 4th Dep't. 2002) citing 15 U.S.C. § 1692a [6][F][iii]; *see also Caione v. Navient Corp.*, No. 16-cv-806, 2016 WL 4432687, at *4 (D.N.J. Aug. 18, 2016) (holding that "Navient is not a debt collector as defined by the statute"); *Spyer v. Navient*, No. 15-cv-3814, 2016 WL 1046789, at *3 (D.N.J. Mar. 15, 2016) ("Navient is not a 'debt collector' under the FDCPA under these circumstances because it became the loan servicer (first as Sallie Mae before it changed its name) while plaintiff's loan were not in default"); *Haysbert v. Navient Sols., Inc.*, No. 15-4144 PSG, 2016 WL 890297, at *11 (C.D. Cal. Mar. 8, 2016); *Downridge v. Navient*, No. 16-cv-10327, 2016 WL 1594427 (E.D. Mich. Apr. 21, 2016); *Levy-Tatum v. Navient & Sallie Mae Bank*, No. 15-cv-3794, 2016 WL 75231 (E.D. Pa. Jan. 7, 2016) *Maguire v. Citicorp Retail*

*Servs.*, 147 F.3d 232, 235 (2d. Cir. 1998); *Wadlington v. Credit Acceptance*, 76 F.3d 103, 106 (6th Cir. 1996).

The same result must follow here. Plaintiff acknowledges he owes the student loan debt to NSL, and thus NSL is not a debt collector under the FDCPA as to Plaintiff's account. NSL serviced this 2018 Consolidation Loan since origination (*See* Exhibit B) and Plaintiff admits that payments are owed to NSL. NSL is not seeking to collect any debt on behalf of another and is therefore not a debt collector under the FDCPA.

Further, nowhere in the Complaint does Plaintiff plead what collections activity by NSL he believes violated the FDCPA. In fact, the only two paragraphs in the Complaint involving false or deceptive means to collect a debt are Paragraphs 80 and 83, where Plaintiff claims ECMC used false or misleading representations about the collection costs added to the account. (*See* Comp. ¶¶ 80; 83.) These allegations do not reference NSL, and thus Plaintiff cannot plead any violation of the FDCPA as to NSL. The Court should dismiss Claim Seven as to NSL with prejudice.

**H.**     **Claim Eight Fails as a Matter of Law Because the Consumer Financial Protection Act Does not Provide for a Private Right of Action.**

The Court should dismiss with prejudice Claim Eight for the alleged violation of the Consumer Financial Protection Act ("CFPA"). Simply stated, there is no private right of action under the CFPA. *See e.g., Nguyen v. Ridgewood Sav. Bank*, 2015 WL 2354308 at *11 (E.D.N.Y. May 15, 2015), citing *Johnson v. J.P. Morgan Chase Nat'l Corporate Servs., Inc.*, 2014 WL 4384023, at *5 (W.D.N.C. Aug. 5, 2014) ("[T]here is no private right of action under the CFPA."), report and recommendation adopted, 2014 WL 4384024 (W.D.N.C. Sept.3, 2014). Because Plaintiff (a private litigant) cannot state a claim under the CFPA against NSL, the Court should dismiss Claim Eight with prejudice.

# I. NSL Is Not Vicariously Liable for Any of ECMC's Alleged Actions.

To the extent that Plaintiff seeks to hold NSL liable for ECMC's conduct when it serviced Plaintiff's student loans (**before** the 2018 Consolidation Loan serviced by NSL), Plaintiff pleads no basis to hold NSL vicariously liable.

"It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents ... in the scope of their authority." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). "[T]he relationship of principal and agent does not obtain unless the parent has manifested its desire for the subsidiary to act upon the parent's behalf." *Transamerica Leasing, Inc. v. Republica de Venezuela,* 200 F.3d 843, 849 (D.C. Cir. 2000), quoting *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 633 (1983).

Plaintiff alleges no principal-agent relationship between NSL and ECMC. Indeed, ECMC and NSL never serviced Plaintiff's student loans at the same time. NSL services a different loan from ECMC—the 2018 Consolidation Loan. There is therefore no basis to hold NSL liable for ECMC's alleged acts for other loans which NSL never serviced. The Court should dismiss all such claims with prejudice.

# J. The Court Should Not Allow Plaintiff to File a Fourth Amended Complaint Because It Would Be Futile.

Finally, Plaintiff is on his Third Amended Complaint, and the Court should not allow him to amend it again in response to this motion. It is now abundantly clear that Plaintiff cannot cure the deficiencies in his pleadings by amendment. As to NSL, no amendment will change the fact that Plaintiff agreed to the 2018 Consolidation Loan (both the account balance to be consolidated and the monthly payment). *See Lucente v. International Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam))("'[w]here it appears that granting leave to amend is unlikely to be productive [due

to futility], ... it is not an abuse of discretion to deny leave to amend.'") Amendments that would not withstand a Rule 12(b)(6) motion to dismiss are futile. *See Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

## IV.    <u>CONCLUSION</u>

For all these reasons, NSL respectfully requests that the Court dismiss the claims against it in the Third Amended Complaint with prejudice under Fed. R. Civ. P. 12(b)(6), and grant NSL such other and further relief to which it is entitled.

Dated:  November 14, 2019  
       New York, NY

STRADLEY RONON STEVENS & YOUNG, LLP  
A Pennsylvania Limited Liability Company

By: /s/ Jacqueline Aiello  
     Eric M. Hurwitz  
     (N.Y. Bar. No. 5310644)  
     Jacqueline M. Aiello  
     (N.Y. Bar. No. JMM4790)  
     100 Park Avenue, Suite 2000  
     New York, New York 10017  
     Telephone:  (212) 812-4124  
     Facsimile:  (646) 682-7180  
     jaiello@stradley.com