Kenneth L. Baum, Esq.
**LAW OFFICES OF KENNETH L. BAUM LLC**
167 Main Street
Hackensack, New Jersey  07601
201-853-3030
201-584-0297  Facsimile
Attorneys for Defendant Educational
Credit Management Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAHUL MANCHANDA,<br><br>    Plaintiff,<br><br> v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 1:19-cv-05121 (WHP)<br><br>Civil Action<br><br>**EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXISTS NO GENUINE ISSUE TO BE TRIED PURSUANT TO FED. R. CIV. P. 56 AND LOCAL CIVIL RULE 56.1** |

  Defendant Educational Credit Management Corporation ("ECMC"), through its attorneys of record, Law Offices of Kenneth L. Baum LLC, for its statement of material facts as to which there exists no genuine issue to be tried pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 56.1 in support of its motion for summary judgment, states as follows:[1]

  1. ECMC was created under the direction of the United States Department of Education to provide specialized guarantor services pursuant to the Federal Family Education

---

[1] Unless otherwise noted, the capitalized terms herein shall have the definitions ascribed to them in the accompanying Declaration of Kerry Klisch ("Klisch Dec.") and the transcript of the March 20, 2021, deposition of Mithun Sarang ("Trans.") attached to the accompanying Declaration of Kenneth L. Baum, Esq.

Loan Program ("FFELP"), including accepting transfer of title, as well as all FFELP guarantor responsibilities, of certain student loan accounts on which the student loan borrower has filed a bankruptcy proceeding. (Klisch Dec., ¶ 2.)

2. As a guaranty agency, ECMC is in a fiduciary relationship with the Department of Education for the purpose of FFELP. (Klisch Dec., ¶ 2.)

3. ECMC only collects debts for its own account – that is, debts in which it has a proprietary interest – and does not collects the debts of other entities. (Klisch Dec., ¶ 2.)

4. ECMC is a not-for-profit corporation duly organized under the laws of the State of Minnesota, with offices located at 111 South Washington Avenue, Suite 1400, Minneapolis, Minnesota 55401. (Klisch Dec., ¶ 2.)

5. On or about May 1, 2003, Plaintiff Rahul Manchanda ("Plaintiff") signed a Federal Consolidation Loan Application and Promissory Note requesting a consolidation of his existing student loans under FFELP (the "Note"). (Klisch Dec., ¶ 3.) The lender was College Loan Corporation. (*Id.*)

6. The consolidation loan made pursuant to the Note (the "Loan") was disbursed on or about August 26, 2003, in the original principal amount of $118,806. (Klisch Dec., ¶ 4.)

7. The Loan was originally guaranteed by American Student Assistance ("ASA"). (Klisch Dec., ¶ 4.)

8. By agreement, ASA assigns to ECMC its student loan accounts for borrowers that have filed a bankruptcy proceeding. (Klisch Dec., ¶ 5.)

9. On April 30, 2014, Plaintiff filed for bankruptcy, under Case Number 14-11259. (Klisch Dec., ¶ 5.)

10. On or around July 10, 2014, ASA transferred all right, title, and interest in the Note to ECMC and ECMC became the FFELP guarantor. (Klisch Dec., ¶ 5.)

11. When Plaintiff's bankruptcy was dismissed on or around January 7, 2015, the Loan was repurchased by the lender pursuant to federal regulations. (Klisch Dec., ¶ 6.) ECMC remained the FFELP guarantor. (*Id.*)

12. When Plaintiff failed to maintain repayment of the Loan, it became severely delinquent and attained a default status. (Klisch Dec., ¶ 7.)

13. The lender submitted a default claim to ECMC in accordance with 34 C.F.R. § 682.102(g). (Klisch Dec., ¶ 7.)

14. ECMC paid the default claim and all right, title, and interest in the Note again transferred to ECMC. (Klisch Dec., ¶ 7.)

15. Mithun Sarang ("Sarang"), a former employee of ECMC, only worked with defaulted accounts. (Trans., 28:3-6.)

16. By the time Sarang spoke to Plaintiff in April 2017, the period within which Plaintiff had the option to cure his defaulted status had expired and collection costs had been added to Plaintiff's account. (Trans., 51:6-25, 52:1-16.)

17. On or about April 14, 2017, Plaintiff executed an agreement with ECMC (the "Rehabilitation Agreement"), whereby he agreed to rehabilitate the Loan pursuant to 34 C.F.R. § 682.405. (Klisch Dec., ¶ 8.) The balance of the Loan, as stated in the Rehabilitation Agreement, was $161,349.62. (Klisch Dec. at Exh. C, Attachment A.)

18. The Rehabilitation Agreement expressly states, among other things, that, upon rehabilitation, (i) the outstanding balance of the Loan, including collection costs, would be capitalized, (ii) the collection costs would be a percentage (not to exceed 16 percent) of the

principal and interest balance at the time of rehabilitation, and (iii) collection costs are determined pursuant to federal regulations (see 34 C.F.R. § 682.410(b)(2)).  (Klisch Dec. at Exh. 3, p. 3.)

19. The successful completion of the rehabilitation process would remove the default status and the Loan would go back to a repayment status with a lender.  (Klisch Dec., ¶ 8.)

20. As a result of Plaintiff successfully completing the rehabilitation of the Loan, on or about January 29, 2018, an eligible lender, Navient Credit Finance Corporation ("Navient"), purchased the Loan.  (Klisch Dec., ¶ 9.)

21. All activity by ECMC with regards to Plaintiff and his account was performed in its capacity as a FFELP guarantor and pursuant to its duties thereunder.  (Klisch Dec., ¶ 10.)

Dated: Hackensack, New Jersey
       May 25, 2021

                                    LAW OFFICES OF KENNETH L. BAUM LLC
                                    Attorneys for Defendant Educational Credit Management Corporation


                                    By: */s/ Kenneth L. Baum*
                                        Kenneth L. Baum