Kenneth L. Baum, Esq.
**LAW OFFICES OF KENNETH L. BAUM LLC**
167 Main Street
Hackensack, New Jersey  07601
201-853-3030
201-584-0297  Facsimile
Attorneys for Defendant Educational
Credit Management Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAHUL MANCHANDA,<br><br>                    Plaintiff,<br><br>        v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>                    Defendant. | CIVIL ACTION NO. 1:19-cv-05121 (WHP)<br><br>Civil Action<br><br>**DECLARATION OF KERRY KLISCH IN SUPPORT OF DEFENDANT EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

        KERRY KLISCH, of full age, pursuant to 28 U.S.C. §  1746, hereby declares under penalty of perjury as follows:

## BACKGROUND

        1.        I am a Litigation Specialist employed by ECMC Shared Services Company ("ECMCSSC").  ECMCSSC provides legal services to Educational Credit Management Corporation ("ECMC").  I am familiar with the facts and circumstances set forth herein and am authorized to make this Declaration in support of ECMC's motion for summary judgment pursuant to Fed. R. Civ. P. 56 (the "Motion").

        2.        ECMC was created under the direction of the United States Department of Education to provide specialized guarantor services pursuant to the Federal Family Education

Loan Program ("FFELP"), including accepting transfer of title, as well as all FFELP guarantor responsibilities, of certain student loan accounts on which the student loan borrower has filed a bankruptcy proceeding. ECMC only collects debts for its own account – that is, debts in which it has a proprietary interest – and does not collects the debts of other entities. ECMC is a not-for-profit corporation duly organized under the laws of the State of Minnesota, with offices located at 111 South Washington Avenue, Suite 1400, Minneapolis, Minnesota 55401.

3.     On or about May 1, 2003, Plaintiff signed a Federal Consolidation Loan Application and Promissory Note requesting a consolidation of his existing student loans under FFELP (the "Note"). A true copy of the Note is attached hereto as **Exhibit A**. The lender was College Loan Corporation.

4.     The consolidation loan made pursuant to the Note (the "Loan") was disbursed on or about August 26, 2003, in the original principal amount of $118,806. The loan was originally guaranteed by American Student Assistance ("ASA").

5.     By agreement, ASA assigns to ECMC its student loan accounts for borrowers that have filed a bankruptcy proceeding. On April 30, 2014, Plaintiff filed bankruptcy, case number 14-11259. Thus, on or around July 10, 2014 ASA transferred all right, title, and interest in the Note to ECMC and ECMC became the FFELP guarantor. A true copy of the Assignment letter from ASA to ECMC and the ECMC transfer manifest, redacted to reflect Plaintiff's loan only, is attached hereto as **Exhibit B**.

6.     When Plaintiff's bankruptcy was dismissed on or around January 7, 2015, the Loan was repurchased by the lender pursuant to federal regulations. ECMC remained the FFELP guarantor.

2

7.     When Plaintiff failed to maintain repayment of the Loan it became severely delinquent and attained a default status.  The lender submitted a default claim to ECMC in accordance with 34 C.F.R. § 682.102(g).  ECMC paid the default claim and all right, title, and interest in the Note again transferred to ECMC.

8.     Upon default of a federally guaranteed student loan, interest is capitalized pursuant to 34 C.F.R. § 682.410(b)(4) and collection costs are added pursuant to 34 C.F.R. § 682.410(b)(2).

9.     The applicable federal statute specifically *requires* guaranty agencies such as ECMC to assess collection costs against defaulted student loans.  20 U.S.C. § 1091a(b)(1).

10.     Federal regulations authorize the charging and dictate the calculation of collection costs by guaranty agencies against defaulted student loans.  34 C.F.R §§ 682.410(b)(2); 682.405(b)(1)(vi)(B).

11.     As of June 1, 2008, ED determined that the maximum collection cost that could be charged by a guaranty agency was 24.34%.

12.     ECMC's internal collection costs rate, pursuant to 34 C.F.R. § 30.60, was higher than the amount capped by ED. ECMC's collection costs were thus charged at 24.34%, which is the same amount Debtor would be charged if the loans were held by ED.

13.     On or about April 14, 2017, Plaintiff executed an agreement with ECMC, whereby he agreed to rehabilitate the Loan pursuant to 34 C.F.R. § 682.405.  The successful completion of that process would remove the default status and the Loan would go back to a repayment status with a lender.  A true copy of that agreement is attached as **Exhibit C**.

14.     When a rehabilitation is completed on a federally guaranteed student loan, all unpaid interest and collection costs are capitalized pursuant to 34 C.F.R. § 682.405(b)(1)(VI)(B).

3

15.     Upon completion of a rehabilitation, the amount of collection costs that can be included in the loan balance is capped at 16%. Thus, Plaintiff's collection costs were reduced from 24.34% down to 16%, resulting in a decrease in collection costs of approximately $11,000.00.

16.     Plaintiff successfully completed the rehabilitation of the Loan.  As a result, on or about January 29, 2018, an eligible lender Navient Credit Finance Corporation ("Navient") purchased the Loan.

17.     All activity by ECMC was performed in its capacity as a FFELP guarantor and pursuant to its duties thereunder as a fiduciary to the Department of Education.

18.     ECMC sent Plaintiff the Notice of Default ("NOD") to Plaintiff's last known address as of the date of the NOD.

19.     Plaintiff consolidated the FFELP Loan into the Direct Loan Program on or around March 22, 2018 and created a new consolidation loan under the Direct Loan Program.  Thus, Plaintiff does not currently have any loans under the FFELP and ECMC no longer has any role with regards to Plaintiff's student loans.

I hereby declare that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KERRY KLISCH

DATED:  June 18, 2021

# EXHIBIT A

04/07/2012

## Federal Family Education Loan Program (FFELP)
## Federal Consolidation Loan
## Application and Promissory Note

Guarantor, Lender or Program Identification MAY 1 9 2003

**College Loan Corporation**

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

54818

### Section A. Borrower Information (Please print in dark ink or type. Read the instructions carefully.)

| 1. Last Name | First Name | MI |
|---|---|---|
| MANCHANDA | RAHUL | D |

4. Permanent Street Address (P.O. Box, see instructions.)
542 E 79TH ST APT 3B

| City | State | Zip Code |
|---|---|---|
| NEW YORK | NY | 10021 |

2. Social Security Number

3. Home Telephone Number ( )

5. Former Name(s)

6. Date of Birth (Month/Day/Year) 11/02/1972

7. Driver's License State and Number  State CT #

8. Fax and E-mail address (optional)  Fax ( )
E-mail rd.manchanda@verizon... rd... vd28kvh@verizon.net

9. Employer Name  N/A
Address

City  State  Zip Code

Employer Telephone Number ( ) N/A

10. Consolidation Lender Name
College Loan Corporation/Bk One Trustee

City  San Diego  State CA  Zip 92127

11. Lender Code, if known 833733

### Section B. Spouse Information (Only complete if spouse has eligible loans you wish to consolidate jointly with yours.)

| 12. Last Name | First Name | MI |
|---|---|---|
| | | |

13. Social Security Number

14. Date of Birth (Month/Day/Year)

15. Former Name(s)

16. Driver's License State and Number  State #

17. Fax and E-mail address (optional)  Fax ( )  E-mail

18. Employer Name
Address

City  State  Zip Code

Employer Telephone Number ( )

### Section C. Reference Information

19. References: You must provide two separate references with different U.S. addresses. Do not include individuals who live with you (e.g., spouse) or live outside the United States. Both references must be completed fully and should be relatives or acquaintances (of you and your spouse if you are consolidating jointly) you have known for at least three years.

| | A. | B. |
|---|---|---|
| Name | Dr. Sapna Muvageli | Rishi Manchanda |
| Permanent Address | 29 Deerhurst Road | 135 Lexington Ave |
| City, State, Zip Code | Scandale, NY 10583 | New York, NY 10019 |
| Area Code/Telephone | | |
| Relationship to Borrower | brother | brother |

### Section D. Education Loan Indebtedness (Read the instructions before completing this section.)

List the education loans that you want to consolidate and the loans that you are not consolidating but want considered in calculating your maximum repayment period. If you need to list additional loans, use the Additional Loan Listing Sheet included in this package. Do not include your spouse's loans unless you consolidate jointly. Use the Loan Types listed in the instructions.

| 20. Loan Type (See instructions) | 21. Lender/Servicer Name and Address | 22. B = Borrower S = Spouse J = Joint | 23. Account Number | 24. Interest Rate | 25. Current Balance | 26. To Be Consolidated Yes / No |
|---|---|---|---|---|---|---|
| PERK | BOSTON UNIVERSITY | B | | | $1179.00 | ✔ |
| CON | College Loan Corporation AFSA Data Corp  Fortil | 933733 B | | | $94051.00 | ✔ |
| SS | CHASE, USA TRUST/SLMA TRUST MS1814 | 933253 B | | | $23451.00 | ✔ |

A  C  S

27. Borrowers Currently in Grace Period Only - If you wish to delay processing until you have completed your grace period, enter your expected grace end date. If you do not wish to delay processing, leave this field blank.   Grace End Date (Month/Day/Year) AUG 14 2003

### Section E. Repayment Options (Refer to application materials or contact the lender before completing this section.)

28. Repayment Options (select one):   A. ☒ Standard Payments   B. ☐ Graduated Payments   C. ☐ Income-Sensitive Payments   D. ☐ Extended Payments

Note 1: If you do not complete this item, the lender will provide a Standard Payment schedule not to exceed the maximum repayment term period allowable for the LOAN/COMPLY OPTION UEP!
Note 2: For any of the payment plans, you may request a repayment period that is shorter than the maximum allowed. Contact your lender for more information.   LONG BEACH, CA

### Section F. Promissory Note (In this Note, "lender" refers to, and this Note benefits, the original lender and its successors and assigns, including any subsequent holder of this Note.)

29. Promise to Pay:

I promise to pay to the order of the lender, all sums disbursed (hereafter "loan") under the terms of this Promissory Note (hereafter "Note") to discharge any prior loan obligations, plus interest and other charges and fees that may become due as provided in this Note. I accept the obligation to repay the loan. Unless I make interest payments, interest that accrues on the unsubsidized portion of my loan during deferment periods will be added, as provided under the Act, to the principal balance of the loan. If I fail to make any payment on the loan made under this Note when due, I will also any reasonable collection costs, including but not limited to attorney's fees, court costs and other fees.

I understand that the amount of the loan will be based on the payoff balances of such loan(s) selected for consolidation as provided by the holder(s) of such loan(s) and may exceed the estimate of such payoff balance(s). The payoff amount may differ from the estimate because the holder will include unpaid principal, unpaid accrued interest, and other costs as permitted by federal regulations at the time the loans are selected for consolidation. In the case of Stafford, SLS, PLUS or Federal Consolidation Loans in default and held by a guaranty agency, this may not exceed 18.5% of the outstanding principal and interest on the loan at the time the holder confirms the payoff balance. I authorize the lender to contact the holder(s) identified on my application to determine the eligibility and payoff figure for the loan(s) I have identified for consolidation and to payoff the eligible loans selected for consolidation. I further authorize those holder(s) to release that information.

I will not sign this Note before reading the entire Note even if otherwise advised. I am entitled to an exact copy of this Note and the Borrower's Rights and Responsibilities statement. My signature certifies I have read, understand and agree to the terms and conditions of this Note, including the Borrower Certifications and Authorizations and the Borrower's Rights and Responsibilities statement. I understand I may no longer be eligible for some deferment types and for subsidized deferment periods on some loans being consolidated. I also understand that it might not be eligible for some loan discharges that were available on the loans being consolidated.

If applying for a loan with my spouse, we understand that by signing this Note, all references to "I", "me" and "my" in the Promissory Note, Borrower's Rights and Responsibilities statement, Borrower Certification and Authorization as well as other materials provided to me in connection with this loan are equally applicable to me and my spouse unless otherwise stated. In addition, we confirm that we are legally married to each other and we understand and agree that we are jointly and severally liable for the entire amount of the debt represented by the Federal Consolidation Loan without regard to the amounts of our individual loan obligations that are consolidated and without regard to any change that may occur in our marital status. We understand that the Federal Consolidation Loan will be discharged only if both of us qualify for discharge. We further understand that we may postpone repayment of the loan only if we provide the lender with a request that confirms deferment or forbearance eligibility for both of us. We understand that we all may be required to pay the entire amount due if the other is unable or refuses to pay.

THIS IS A LOAN THAT MUST BE REPAID.

30. Borrower's Signature _[signature]_ Today's Date (Month/Day/Year) 5/1/03

31. Spouse's Signature (if consolidating jointly and Section B is completed) _____ Today's Date (Month/Day/Year)

# EXHIBIT B

100 Cambridge Street, Suite 1600     800.999.9080          www.asa.org
Boston, MA 02114



July 10, 2014

Jan Jacobson
Educational Credit Management Corporation
1 Imation Place
Building 2
Oakdale, MN 55128

## ASSIGNMENT OF CLAIM

The Massachusetts Higher Education Corporation d/b/a American Student Assistance
(ASA) hereby assigns to the Educational Credit Management Corporation (ECMC), for
valuable consideration, the receipt of which is hereby acknowledged, its rights, title, and
interest in those student loans listed in the enclosure to this letter, dated July 10, 2014.

The Massachusetts Higher Education Corporation d/b/a American Student Assistance
hereby waives notification and any hearing with respect to the assignment of claim by
ECMC pursuant to Bankruptcy Rule 3001.

Keith A. Coburn

Keith A. Coburn
Bankruptcy Specialist
1-800-999-9080, Ext. 3046

Enclosure:

ACCOUNTS FORWARDED TO ECMC
DATE: 10 Jul 2014



```
BORROWER SSN.....................        -8453
ACCT............................. 1059503
CLAIM PAID DATE.................. 07-06-14
BORROWER NAME (LAST,FIRST MIDDLE). MANCHANDA,RAHUL D
LOANTYPE......................... CONS
```

# EXHIBIT C

DocuSign Envelope ID: 7943C639-4581-4574-A6C0-6F8E0E1DA4FF

 **ECMC**  P.O. Box 64909
St. Paul, MN 55164-0909

4/14/2017

RAHUL D. MANCHANDA
150 W 51 ST APT 2106
NEW YORK, NY 10019-

RE: Federal Student Loan - Account Number 12408165

## TERMS AND CONDITIONS FOR LOAN REHABILITATION AGREEMENT

**If you object to any of the terms or conditions of the loan rehabilitation agreement (Agreement), or have questions or concerns regarding the rehabilitation process, call us at 866-945-6586    or notify us in writing within 30 days at ECMC, PO Box 16599 St. Paul, MN 55116-0599**

On  04/14/2017 , you agreed to enter into a loan rehabilitation agreement with Educational Credit Management Corporation (ECMC). Once your loan(s) are rehabilitated:

- Your loan(s) will be removed from default
- Within 45 days of rehabilitation, ECMC will request all national consumer reporting agencies (aka credit reporting agencies) to which the default was reported to remove the record of default from your credit history
- Notice of the rehabilitation will be provided to the holder prior to ECMC
- You will regain eligibility for remaining deferments, forbearances and other Title IV financial aid

Upon completion of your rehabilitation program, an eligible lender will place your rehabilitated loan(s) into a **Standard Repayment Plan.** *This repayment plan could mean an increase in your monthly payment amount.*

However, after the rehabilitation is complete, **you have a choice** of repayment plans that will best meet your needs. Below is a description of each plan. Your rehabilitation lender will be able to assist you with questions or changes if you would like to choose a different plan.

**Repayment Plans:**
- **Standard Repayment:** Repaying the loan in equal monthly payments of at least $50 for the life of the loan not to exceed 120 months (10 years).
  - ❖ **NOTE:** Unless changed by you, this is the plan you will be enrolled into when your loan is placed back with the lender.

- **Graduated Repayment:** Repayment begins with a lower monthly payment and increases so that the loan is paid off in 120 months (10 years).

DocuSign Envelope ID: 7943C639-4581-4574-A6C0-6F8E0E1DA4FF

- **Extended Repayment:** Available to first-time federal student loan borrowers after Oct. 7, 1998. Students MUST HAVE at least $30,000 in Federal Family Education Loan (FFEL) Program or Direct loans.

- **Income-Based Repayment (IBR):** Uses your income and family size to cap your monthly payments at 15 percent of your discretionary monthly income, but never more than the 10-year Standard Repayment Plan amount. If a balance remains after 25 years of qualifying payments, any remaining debt is forgiven.
  - ❖ **NOTE: If your loan is a Parent PLUS loan or you consolidated a Parent PLUS loan, this plan is not available.**
- **Income-Sensitive Repayment (ISR):** Available to FFEL borrowers who want to lower payments for a relatively brief period of time. Your lender/servicer determines your monthly payment based on your adjusted gross income, verified through an annual application. Maximum repayment period is 10 years.

<u>Payments and Conditions</u>
Your monthly payment amount is $ 232.00     , first due on 04/14/2017, *and on the same day of each month thereafter*. You have 30 days to object to this payment amount by contacting ECMC at  866-945-6586  or in writing at ECMC, PO Box 16599  St. Paul, MN 55116-0599 . To rehabilitate your loan(s), ECMC must receive nine, full, voluntary, on-time payments within a 10-month period. Each payment must be received within 20 days of the payment due date to be considered on time. Once you have made the required payments, the loan(s) listed on Attachment A are eligible to be purchased by a participating lending institution.

Payments can be made online at www.ecmc.org/myaccount or mailed to:

> ECMC
> Lockbox 8639
> PO Box 16478
> St. Paul, MN 55116-0478

**Within 120 days, you must provide ECMC or its agents with the required documentation. If you do not provide the documentation to ECMC or its agents to calculate or confirm your payment amount, this Agreement is null and void.**

Successful rehabilitation is contingent upon you fulfilling your obligations under the terms of the Agreement, and lender participation in the program at the time of rehabilitation. If you do not fulfill your obligations under the Agreement or ECMC is unable to secure a lender to rehabilitate your loan(s), the Agreement will be null and void, and collection activity on the loan(s) listed on Attachment A will resume.

- The Agreement does not in any way alter or affect the terms and conditions contained in the original promissory note(s), except to the extent provided for by this Agreement.
- Failure to make timely payments, as defined in the applicable federal regulations, will result in the loss of eligibility to have the loan(s) rehabilitated under this Agreement.
- After you have made nine, full, voluntary, on-time payments within a 10-month period, ECMC will attempt to secure a rehabilitation lender for your loan(s).

DocuSign Envelope ID: 7943C639-4581-4574-A6C0-6F8E0E1DA4FF

- Any loan rehabilitated after Aug. 14, 2008, cannot be rehabilitated again if the loan(s) returns to default status following the rehabilitation.
- After the loan(s) has been rehabilitated, you will regain eligibility for benefits under Title IV of the Higher Education Act, including any remaining deferment eligibility, as of the date of rehabilitation.
- Upon rehabilitation, the outstanding balance of your loan(s), including collection costs, will be capitalized. The collection costs will be a percentage (not to exceed 16 percent) of the principal and interest balance at the time of rehabilitation. Collection costs are determined pursuant to federal regulations. See 34 C.F.R. § 682.410(b)(2).
- If you are currently subject to administrative wage garnishment, ECMC will suspend the garnishment after you have made five qualifying monthly payments under the Agreement. You may only obtain the benefit of a suspension of administrative wage garnishment once while attempting to rehabilitate your defaulted loan(s).
- If you are unable to meet your payment due date because of financial hardship, you may still remain eligible for loan rehabilitation. Contact an ECMC representative at 866-945-6586   to discuss your options.
- These terms and conditions are in conjunction with the Agreement and subject to applicable federal regulations. See 34 C.F.R. § 682.405.

To accept this Agreement, you must either sign and return it, or forward it to LRDocs@ecmc.org, stating in the body of the email that you received the attached Agreement and agree to the terms and conditions contained therein.

┌─DocuSigned by:
│ *RAHUL D MANCHANDA*
└───L413U4L5C3004B7

**Signature**

**RAHUL D. MANCHANDA**

Date:   4/14/2017

DocuSign Envelope ID: 7943C639-4581-4574-A6C0-6F8E0E1DA4FF

**ATTACHMENT A**

**Loan(s) Included In Rehabilitation Agreement**

| Loan # | Outstanding Balance | Disbursement Date |
|--------|---------------------|-------------------|
| 01 | 161,349.62 | 08/26/2003 |