# FAZZIO LAW OFFICES

5 Marine View Plaza, Ste. 218
Hoboken, NJ 07030
P: (201) 529-8024
F: (201) 529-8011

John P. Fazzio, III **
Zoltan Simon, II+
John J. Boulton*
Anthony D. Dembia*

**New York Office**
305 Broadway
7th Floor, Suite 19
New York, NY 10007

PLEASE SEND CORRESPONDENCE
TO THE HOBOKEN OFFICE

** Also Member of NY & PA
+ Member of NY Only
* Member of NJ Only

August 17, 2021

**VIA E-FILE**
The Honorable Lorna G. Schofield, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NJ 10007

RE:    **RAHUL MANCHANDA V. EDUCATIONAL CREDIT MANAGEMENT CORPORATION**
       **Docket No.: 19 Civ. 5121 (LGS)**

Dear Judge Schofield:

Our offices represent Rahul Manchanda ("Plaintiff") in regard to the above-referenced matter. Please allow this correspondence to serve as a Joint Status Letter from counsel pursuant to your August 3, 2021 Order.

<u>Brief Statement/Claims and Defenses/Legal and Factual Issues</u>

The nature of the case as Plaintiff alleges is that Defendant Educational Credit Management Corporation ("Defendant" or "ECMC"), through its Agent Mithun Sarang committed deceptive trade practices by using false, deceptive and misleading representation in connection with the collection of Plaintiff's student loan debt and materially misled Plaintiff into entering a Rehabilitation Program containing $36,559.19 in collection costs and suffered significant damages.

Plaintiff's principal claims are that Defendant, specifically, ECMC Agent Mithun Sarang's debt collection activities constituted deceptive trade practices pursuant to N.Y. Gen. Bus. Law § 349 and that Defendant used false, deceptive and misleading representations in connection with the collection of Plaintiff's student loan debt pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692e.

Defendant's defenses include: (i) Defendant is entitled to the safe harbor defense enumerated under N.Y. Gen. Bus. Law § 349(d) because all of Defendant's activity in connection with Plaintiff's student loan was performed in its capacity as a guarantor under the Federal Family

Loan Education Program; (ii) Plaintiff's claims are preempted by, among other authorities, the Higher Education Act and federal regulations; (iii) Defendant is not a "debt collector" subject to the FDCPA; and (iv) Plaintiff, a seasoned lawyer, read and signed the Rehabilitation Agreement at issue, which specifically states that collection costs would be added to Plaintiff's loan.

The major legal and factual issues that are most important to resolving the case by trial, settlement or dispositive motion are: (i) if Defendant is a "debt collector" as defined by the FDCPA; (ii) whether Defendant is entitled to the safe harbor defense under N.Y. Gen. Bus. Law § 349(d); (iii) whether Plaintiff's claims are preempted as a matter of law; and (iv) whether the collection actions by Defendant's Agent Mithun Sarang were materially false, deceptive and misleading.

### Subject Matter Jurisdiction and Venue

Plaintiff asserts that subject matter jurisdiction and venue in the United States District Court Southern District of New York is proper. Subject matter jurisdiction is proper as Plaintiff alleges a violation of federal law, specifically, the FDCPA, 15 U.S.C.A. § 1692e. See 28 U.S.C. § 1331. Venue is proper in the Southern District of New York as Plaintiff resides in New York, New York and the underlying allegations in Plaintiff's Complaint occurred in New York, New York, the county of New York (Manhattan). See 28 U.S.C. § 1391(1) and (2).

### Motions

Defendants Navient Solutions, LLC and ECMC both filed Motions to Dismiss on November 14, 2019 and November 15, 2019, respectively. On September 29, 2020 the Honorable William H. Pauley III, U.S.D.J. Ordered that Navient's motion to dismiss is granted in its entirety and ECMC's motion to dismiss is granted in part and denied in part and that Plaintiff may proceed only with his GBL § 349 claim and FDCPA claim against ECMC.

Plaintiff and Defendant both filed Motions for Summary Judgment pursuant to the April 23, 2021 Scheduling Order on May 25, 2021, which have not been decided.

### Discovery

Defendant provided initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on November 23, 2020. Defendant responded to Plaintiff's Requests for the Production of Documents and Plaintiff's First Set of Interrogatories on February 8, 2021. Plaintiff responded to Defendant's Requests for the Production of Documents and Plaintiff's First Set of Interrogatories. Defendant's former employee, Mithun Sarang, was deposed on March 20, 2021.

### Computation of Damages

Plaintiff's asserted actual and punitive damages are well over $600,000, which consists of $36,559.19 in wrongful collection charges and $14,847.04 in interest accrued at the rate of nine (9%) per annum from February 6, 2017, the date of the alleged Notice of Default, to today, together with legal fees of $25,861.16 pad to date and $30,000.00 for Plaintiff's time and effort in initiating

this case and bringing it to the Summary Judgment stage before engaging legal counsel, together with lost business opportunities and credit impacts.

### Procedural Posture and Upcoming Deadlines

As per Judge William H. Pauely III's April 23, 2021 Scheduling Order, Plaintiff's and Defendant's Motion(s) for Summary Judgment have been fully briefed and are awaiting decision. The parties are awaiting the Court's determination if oral argument on the Motion(s) for Summary Judgment is necessary.

### Settlement Discussions

No settlement has been reached in this case. The parties do not request a settlement conference at this time, although Plaintiff believes that a settlement conference may be appropriate in the future once dispositive motions are decided.

Thank you for your time and attention to this matter.

**FAZZIO LAW OFFICES**

/s/ John P. Fazzio
JOHN P. FAZZIO, ESQ.

cc:   Kenneth Baum., Esq.