UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                   :

RAHUL MANCHANDA,                  :

                                   :

                      Plaintiff,   :          19 Civ. 5121 (LGS)

                                   :

           -against-           :         __OPINION AND ORDER__

                                   :

EDUCATIONAL CREDIT MANAGEMENT  :
CORPORATION,                   :

                                   :

                    Defendant.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Rahul Manchanda contends that Defendant Educational Credit Management

Corporation ("ECMC") violated New York General Business Law ("NY GBL") Section 349 and

the Fair Debt Collection Practices Act ("FDCPA").  He claims that ECMC committed deceptive

practices in servicing and collecting his federal student loan debt.  The parties cross-move for

summary judgement on both claims.  For the reasons below, summary judgment is granted to

Defendant and Plaintiff's motion is denied.

## I.    BACKGROUND

      The following facts are drawn from the parties' submissions, including their Local Civil

Rule 56.1 statements, and are undisputed.[1]

---

[1] In response to ECMC's Rule 56.1 statement, Plaintiff denied some asserted facts without
explanation and denied others on the basis that he is "without sufficient knowledge or
information so as to form a belief as to the truth of the allegations."  A properly asserted fact is
not considered disputed if it is not "specifically controverted."  Local Civ. R. 56.1(c).  The facts
asserted by Defendant that Plaintiff denied without explanation or on the basis that he lacks
knowledge are deemed undisputed. *See, e.g.*, *Lichtman v. Chase Bank USA, N.A.*, No. 18 Civ.
10960, 2020 WL 1989486, at *1 n.1 (S.D.N.Y. 2020) (deeming facts undisputed where plaintiff
responded that she lacks knowledge to admit or deny such facts); *Walker v. City of N.Y.*, 63 F.
Supp. 3d 301, 306 n.4 (E.D.N.Y. 2014) (same), *aff'd* 621 F. App'x 74 (2d Cir. 2015).

ECMC is a Minnesota not-for-profit corporation.  It was created under the direction of the U.S. Department of Education ("DOE") to provide specialized guarantor services related to the Federal Family Education Loan Program ("FFELP"), including FFELP guarantor responsibilities of certain student loan accounts on which a borrower files a bankruptcy proceeding.  ECMC is in a fiduciary relationship with the DOE for the purpose of FFELP. ECMC collects debts only for its own account and does not collect debts of other entities.

Plaintiff Manchanda signed a Federal Consolidation Application and Promissory Note (the "Note") requesting the consolidation of his student loans under FFELP in May 2003.  His loans were consolidated pursuant to the Note with a consolidation loan from College Loan Corporation.  American Student Assistance ("ASA") guaranteed the loan.

Manchanda filed for bankruptcy in April 2014.  In July 2014, ASA transferred all right, title and interest in the Note to ECMC, and ECMC became the FFELP guarantor.  When Manchanda's bankruptcy case was dismissed in January 2015, the consolidation loan was repurchased by the lender pursuant to federal regulations, and ECMC remained the FFELP guarantor.  Thereafter, Manchanda failed to make repayments on the loan, and it entered default status.  The lender submitted a default claim to ECMC.  ECMC paid the default claim, and all right, title and interest in the Note transferred to ECMC.

In April 2017, Mithun Sarang, who was then an ECMC employee, called Manchanda to speak with him about a loan rehabilitation program.  At that time, Plaintiff's time to cure his default status had expired, and collection costs had been added to Plaintiff's account. Manchanda agreed to enter a rehabilitation agreement with ECMC.  In April 2017 he signed the agreement, which stated, *inter alia*, that upon rehabilitation, "the outstanding balance of the loan, including collection costs, would be capitalized," "the collection costs would be a percentage

2

(not to exceed 16 percent) of the principal and interest balance at the time of rehabilitation" and

"[w]ithin 45 days of rehabilitation, ECMC will request all national consumer reporting agencies

. . . to which the default was reported to remove the record of default from [Manchanda's] credit

history."

 The completion of the rehabilitation process results in the removal of the default status of

the loan.  The loan would then go back to repayment with a lender.  Plaintiff successfully

completed the rehabilitation of the loan.  In January 2018, a lender purchased the loan.

## II. STANDARD

 Summary judgment is appropriate where the record establishes "that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  There is a genuine dispute of material fact "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986); *accord Electra v. 59 Murray Enters.*, 987 F.3d 233, 248 (2d Cir.

2021).  "Only disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment."  *Liberty Lobby*, 477 U.S. at 248;

*accord Saleem v. Corp. Transp. Grp.*, 854 F.3d 131, 148 (2d Cir. 2017).

 In evaluating a motion for summary judgment, a court must "constru[e] the evidence in

the light most favorable to the nonmoving party and draw[] all reasonable inferences and

resolv[e] all ambiguities in its favor."  *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 164 (2d

Cir. 2020) (internal quotation marks omitted).  When the movant properly supports its motion

with evidentiary materials, the opposing party must establish a genuine issue of fact by "citing to

particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  "[A] party may not rely

on mere speculation or conjecture as to the true nature of the facts to overcome a motion for

summary judgment." *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (quotation marks omitted).  "The same standard applies where, as here, the parties filed cross-motions for summary judgment . . . ." *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001); *accord Lynch v. City of N.Y.*, 291 F. Supp. 3d 537, 545 (S.D.N.Y. 2018).

## III.   DISCUSSION

### A.   NY GBL Section 349 Claim

The parties cross move for summary judgment on Plaintiff's deceptive acts and practices claim under NY GBL Section 349.  For the reasons stated below, Defendant's motion is granted as to this claim, and Plaintiff's motion is denied.

#### 1.   Statutory Safe Harbor

To the extent Plaintiff's Section 349 claim relates to the amount of collection costs imposed, Defendant is protected by Section 349's safe harbor provision.  Plaintiff argues the collection costs were "draconian and byzantine."  Because the costs were within the DOE's regulatory limits, the amount charged cannot form the basis of a Section 349 claim.

Section 349(d) provides a safe harbor for any "act or practice [that] is, or if in interstate commerce would be, subject to and complies with the rules and regulations of, and the statutes administered by, the federal trade commission or any official department, division, commission or agency of the United States as such rules, regulations or statutes are interpreted by the federal trade commission or such department, division, commission or agency or the federal courts." NY GBL § 349(d).  If the collection costs charged are permitted by federal law, then there is no Section 349 violation.  *See, e.g.*, *Green v. SweetWorks Confections, LLC*, No. 18 Civ. 902, 2019 WL 3958442, at *4-5 (S.D.N.Y. Aug. 21, 2019) (applying Section 349(d)'s safe harbor to find a complaint failed to allege a Section 349 violation because the complained of act complied with

FDA regulations); *Morrison v. Barcel USA, LLC*, No. 18 Civ. 531, 2019 WL 95477, at *3-4 (S.D.N.Y. Jan. 2, 2019) (same).

Here, the Complaint's claim regarding the amount of collection costs imposed is not properly brought under Section 349 because collection costs are limited by federal regulation, and Plaintiff has not adduced any evidence that Defendant failed to comply with the regulatory limits. The DOE is a Department of the United States. *See* 20 U.S.C. § 3411 (establishing the DOE as an executive department of the United States). Collection charges are limited by regulations promulgated by the DOE. *See* 34 C.F.R. § 682.410(b)(2); *id.* § 682.405(b)(1)(vi)(B). Defendant assessed collection charges in accordance with these regulations. To the extent Plaintiff complains of the collection costs charged, Plaintiff's claim is within the safe harbor provision.

Plaintiff argues that Defendant is not entitled to the safe harbor because Defendant has (i) failed to prove it fully complied with federal law and (ii) failed to identify a rule or regulation with which it has complied. The argument is without basis. As to the collection charges assessed, Defendant identified in its memoranda of law the pertinent regulation and uncontested record evidence that Defendant complied with the regulation.

### 2.    Elements of a Section 349 Claim

Defendant is also granted summary judgment on Plaintiff's Section 349 claim challenging Defendant's conduct in connection with Plaintiff's loan. A claim under Section 349 requires "that a defendant has engaged in (1) consumer-oriented conduct, that is (2) materially misleading, and that (3) the plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Plavin v. Group Health Inc.*, 146 N.E.3d 1164, 1168 (N.Y. 2020). Conduct is materially misleading when it is "likely to mislead a reasonable consumer acting reasonably

under the circumstances." *Hobish v. AXA Equit. Life Ins. Co.*, 98 N.Y.S.3d 38, 40 (1st Dep't 2019) (internal quotation marks omitted).

Plaintiff has not provided any evidence or facts to suggest that ECMC's conduct was (1) consumer-oriented or (2) materially misleading.  Plaintiff's failure to do so provides two independent bases for granting summary judgment to Defendants on Plaintiff's Section 349 claim and for denying Plaintiff's motion for summary judgment.

### i.   Consumer-Oriented

The record, when viewed in the light most favorable to Plaintiff, provides no basis for a reasonable to jury to find that Defendant's conduct was consumer-oriented.  "[A]n act or practice is consumer-oriented when it has a broader impact on consumers at large." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 171 N.E. 3d 1192, 1197 (N.Y. 2021) (internal quotation marks omitted).  "[W]hat matters is whether the defendant's allegedly deceptive act or practice is directed to the consuming public and the marketplace." *Id.* at 1198.  The consumer-oriented requirement precludes Section 349 claims based on "[p]rivate contract disputes, unique to the parties." *Id.* (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 647 N.E.2d 741, 744 (N.Y. 1995)). The allegedly deceptive and misleading conduct largely relates to three sets of actions:  (1) Defendant's failure to mail notice of Plaintiff's default to his then-current address, (2) Defendant's representations about the rehabilitation program and (3) Defendant's notification to consumer reporting agencies regarding Plaintiff's defaulted loans.  Based on the factual record, no reasonable jury could find that any of those actions are consumer-oriented because Plaintiff's dispute is ultimately a private dispute concerning a contractual agreement and conduct unique to Plaintiff.  *See Shou Fong Tam v. Metro. Life Ins. Co.*, 913 N.Y.S.2d 183, 185 (1st Dep't 2010) (holding that "private contractual

disputes upon matters not affecting the consuming public are not actionable under [Section 349]").

As to the mailing of notice, that Defendant mailed notice to a potentially incorrect address is unique to Plaintiff and not consumer-oriented conduct. *See id.* at 184, 186 (finding dispute over whether notice should have been provided by regular mail or e-mail is not "the type of consumer-oriented misconduct the statute was enacted to prevent"). Plaintiff has not offered any evidence that Defendant mailed notices to incorrect addresses for any other consumer. Plaintiff argues in his memorandum of law that he moved to a new address and Defendant did not update its records until after he entered default, but Plaintiff does not identify any evidence regarding his move. Plaintiff's Rule 56.1 Statement of Material Facts states that the notice "was intentionally mailed to a different [incorrect] address" but provides no citation to any evidence whatsoever. The Statement goes on to claim "[o]n information and belief" that the notice was incorrectly mailed "to deprive [Plaintiff] of fair warning that 'collection costs' would be imposed." Assertions based on information and belief or that are conclusory do not create a genuine issue for trial. *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004); *accord Sce v. City of New York*, No. 16 Civ. 7577, 2020 WL 6410935, at *11 (S.D.N.Y. Nov. 2, 2020).

As to Defendant's representations about the rehabilitation program and Defendant's notification to consumer reporting agencies, no evidence suggests that conduct constitutes consumer-oriented conduct. Defendant's representations about the rehabilitation program were all clarified in the specific agreement between Plaintiff, a lawyer, and Defendant. Defendant's notification to consumer reporting agencies about the default was implicit in the Rehabilitation Agreement, which provides that following successful rehabilitation, Defendant would provide notice to consumer reporting agencies that the loan is no longer in default. Because Plaintiff's

concerns about the rehabilitation program and notification to consumer reporting agencies are both addressed by the contract Plaintiff signed, those concerns are tantamount to private contractual disputes that do not fall in the ambit of Section 349. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995); *Shou Fong Tam*, 913 N.Y.S.2d at 185.

Plaintiff argues that Defendant's alleged misconduct affects consumers at large because approximately 44.7 million Americans have student loan debt. This fact is not in the evidentiary record. In any event, it is not enough that Defendant's business is consumer-oriented; instead "[t]he challenged *act* must be consumer-oriented to sustain a section 349 claim." *Trustpilot Damages LLC v. Trustpilot, Inc.*, No. 21 Civ. 432, 2021 WL 2667029, at *6 (S.D.N.Y. June 29, 2021) (emphasis added) (internal quotation marks omitted) (citing *Stuntman v. Chem. Bank*, 731 N.E.2d 608, 611 (N.Y. 2000)).

### ii.   Materially Misleading

The record, viewed in the light most favorable to Plaintiff, does not provide a basis for a reasonable jury to find that Defendant's conduct was materially misleading. To be misleading for purposes of Section 349, a representation or omission must be "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund*, 647 N.E.2d at 744; *accord Price v. L'Oréal USA, Inc.*, No. 17 Civ. 614, 2020 WL 4937464, at *9 (Aug. 24, 2020).

Plaintiff cites no evidence that Defendant acted in a misleading manner when it mailed his notice of default to an incorrect address. As stated above, Plaintiff's averment, "on information and belief," that ECMC purposely sent the notice to the wrong address is insufficient without any supporting evidence.

The record also lacks evidence that a reasonable person would have been misled about the rehabilitation program.  Plaintiff argues that it was misleading for Defendant to include the collection costs in the total cost of the loan listed on the Rehabilitation Agreement, but, as Plaintiff points out, Defendant's employee provided a breakdown of the loan, including principal, interest and collection costs.  Plaintiff claims that Defendant made "deceptive promises that he would be out of default and that he can dispute the collection costs on behalf of his account," but provides no evidence that he was unable to exit default after completing Defendant's program, or that he was unable to dispute the collection costs.  Instead, the record reflects that Plaintiff was able to exit default and that his loan was acquired by another lender.

Plaintiff has not identified any facts to suggest it was reasonable for him to believe Defendant would refrain from notifying credit reporting agencies about Plaintiff's default.  The Rehabilitation Agreement's statement that Defendant would provide notice to consumer reporting agencies that the loan is no longer in default implies that the consumer reporting agencies were aware the loan was in default.

**B.    FDCPA Claim**

Defendant is granted summary judgment on Plaintiff's FDCPA Claim.  The FDCPA does not apply to ECMC's conduct in this case because ECMC is not a debt collector under the FDCPA.  The FDCPA defines a debt collector as "any person [1] who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

As to the first definition, the record is devoid of any admissible evidence suggesting that ECMC's principal purpose is the collection of debts.  Instead, the record shows that ECMC is a

9

guaranty agency that provides guarantor services pursuant to FFELP.  Plaintiff asserts that
ECMC's principal purpose is the collection of debts based solely on quotations from a May 2012
Bloomberg News article.  A party "cannot rely on inadmissible hearsay in opposing a motion for
summary judgment, absent a showing that admissible evidence will be available at trial."  *Davis
v. City of N.Y.*, No. 13 Civ. 6260, 2021 WL 3492307, at *11 (E.D.N.Y. 2021) (quoting *Burlington
Coat Factory Warehouse Corp. v. Espirit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985)).
Newspaper articles offered for the truth of the statements asserted are inadmissible hearsay.  *See*
Fed. R. Evid. 801, 802, 803; *Avalon Holdings Corp. v. Gentile*, No. 18 Civ. 7291, 2019 WL
4640206, at *4 (S.D.N.Y. Sept. 24, 2019) (collecting cases).  Plaintiff has made no showing of
any exception to the hearsay rule or that any alternative admissible evidence will be available at
trial.

As to the second definition of a debt collector -- one "who regularly collects or attempts
to collect, directly or indirectly, debts owed or due or asserted to be owed or due another,"
15 U.S.C. § 1692a(6) -- ECMC does not collect debts owed, due or asserted to be owed or due
another.  Instead ECMC collects debts only for its account.  Plaintiff incorrectly argues that
ECMC is a debt collector under the second definition because ECMC purchases defaulted debt
and then collects on it.  Plaintiff relies on overruled law to argue this point.  In 2017, the
Supreme Court resolved a circuit split and held that an entity collecting on debt it owns and
purchased after the debt entered default is not a debt collector under the second part of the
FDCPA's debt collector definition.  *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718,
1720-22 (2017).  The cases Plaintiff cites, *e.g.*, *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355
(6th Cir. 2012); *Schloss v. Fairbanks Cap. Corp.*, 323 F.3d 534 (7th Cir. 2003), all predate 2017

and apply a reading of the FDCPA's debt collector definition rejected by the Supreme Court in *Henson*.

## IV.     CONCLUSION

For the reasons stated above, Plaintiffs' motion for summary judgment is DENIED, and Defendant's motion for summary judgment is GRANTED.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 74 and 76 and to close the case.

Dated:  January 14, 2022
          New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

11